*Anthony Maurice Tarpley v. State of Maryland*, No. 13, September Term, 2025. Opinion by Eaves, J.

**MD. CODE ANN., CRIMINAL PROCEDURE ARTICLE § 8-201 – POST-CONVICTION DNA TESTING – NON-COGNIZABLE CLAIM**

Section 8-201 of the Criminal Procedure Article ("CP") of the Maryland Annotated Code affords two separate avenues for an individual to secure post-conviction relief. Assuming certain preconditions are met, an individual can either request that certain evidence be DNA tested or can challenge the reliability of certain evidence that previously was DNA tested and admitted at trial. Because Appellant in this case filed a motion under CP § 8-201, seeking to litigate evidentiary issues previously unpreserved on direct appeal, the Supreme Court of Maryland held that Appellant's motion was not a cognizable claim under CP § 8-201 and affirmed the circuit court's denial of his motion.

IN THE SUPREME COURT

OF MARYLAND

No. 13

September Term, 2025

---

ANTHONY MAURICE TARPLEY

v.

STATE OF MARYLAND

---

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

---

Opinion by Eaves, J.

---

Filed: January 26, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

# I
# INTRODUCTION

Anthony Maurice Tarpley filed in the Circuit Court for Howard County a motion for a new trial under § 8-201(c) of the Criminal Procedure Article ("CP") of the Maryland Annotated Code (2018 Repl. Vol.). The circuit court denied that motion, and Mr. Tarpley appealed that judgment to the Appellate Court of Maryland, which transferred the appeal directly to this Court.[1] For the reasons discussed below, we hold that the substance of Mr. Tarpley's motion for a new trial is not cognizable under CP § 8-201. We, therefore, affirm the judgment of the circuit court.

# II
# BACKGROUND

In May 2022, the State charged Anthony Tarpley via criminal indictment with second-degree rape, two counts of third-degree sexual offense, fourth-degree sexual offense, and second-degree assault, all arising from allegations that he performed sexual acts on A.W., the eight-year-old granddaughter of his then-girlfriend. Shortly after the alleged assault, a nurse conducted a sexual assault forensic examination ("SAFE") on A.W., which included collecting DNA samples by swabbing various areas of A.W.'s body. The nurse packaged and labeled each swab separately, placed those individually sealed swabs together in a single sealed envelope, and stored the envelope, the "SAFE kit," in an evidence locker.

At trial, the nurse who collected the samples testified that she did not recall collecting a perianal swab and that her notes reflected no such collection. The SAFE kit

---

[1] *See* CP § 8-201(k)(6); Md. R. 8-132.

received by the forensic testing lab, Bode Technology,[2] nevertheless contained a swab labeled "perianal swab." The envelope containing the SAFE kit also had a small tear, which a technologist sealed with clear tape before forwarding it for testing and reporting on the individually sealed swabs contained therein. Mr. Tarpley moved to exclude the entire report produced by Bode, arguing that the existence of the unaccounted-for perianal swab indicated a gap in the chain of custody that called into question the evidentiary reliability and authenticity of the SAFE kit. In the alternative, he requested that the court redact all portions of the report referencing the perianal swab. The court denied Mr. Tarpley's request to exclude the entire report but granted his alternative request, admitting a redacted version of the report that omitted references to the perianal swab.

The jury convicted Mr. Tarpley of all counts, except for one of the third-degree sexual offense charges. The circuit court sentenced Mr. Tarpley to 35 years' imprisonment for second-degree rape, the first 15 of which were without parole, and a concurrent 10-year sentence for the third-degree sexual offense. The court merged the other convictions for sentencing purposes.

On direct appeal, Mr. Tarpley argued that the circuit court erred in admitting the laboratory results from the SAFE kit based on the alleged chain of custody issues and the discovery of the unaccounted-for perianal swab. *Tarpley v. State*, No. 49, 2024 WL 1633747, at *2 (Md. App. Ct. Apr. 16, 2024). The Appellate Court held that Mr. Tarpley

---

[2] "Bode Technology is an independent accredited laboratory that . . . conduct[s] forensic testing." *Shepperson v. State*, 491 Md. 605, 609 n.1 (2025).

failed to preserve that issue for appellate review because he did not object at trial to the admission of the redacted report. *Id.* at *5.

In November 2024, Mr. Tarpley moved for a new trial under CP § 8-201 based on "unreliable scientific identification evidence." He contended that the Bode laboratory report was not properly authenticated due to supposed chain of custody defects. The circuit court denied that motion without a hearing. Mr. Tarpley appealed, and the Appellate Court subsequently transferred the appeal to this Court. *See* CP § 8-201(k)(6); Md. R 8-132(a).

### III
### STANDARD OF REVIEW

A postconviction court's rulings under CP § 8-201 are subject to direct review by this Court. CP § 8-201(k)(6); *Brown v. State*, 431 Md. 576, 583 (2013). We review the denial of a motion for a new trial pursuant to the postconviction DNA testing statute for abuse of discretion. *Shepperson v. State*, 491 Md. 605, 617 (2025). The circuit court's decision will be overruled only if it is "well removed from any center mark imagined by the reviewing court and beyond the fringe of what that court deems minimally acceptable." *Arrington v. State*, 411 Md. 524, 552 (2009) (quoting *Gray v. State*, 388 Md. 366, 383 (2005)).

### IV
### ANALYSIS

Before this Court, Mr. Tarpley argues that the circuit court erred in denying his motion for a new trial under CP § 8-201 because the SAFE kit was admitted into evidence despite lacking a proper chain of custody. He argues that the alleged break in

3

the SAFE kit's chain of custody is evidenced by the unexplained presence of the perianal swab and the altered condition of the SAFE kit. For the reasons that follow, we hold that Mr. Tarpley failed to present a cognizable claim for relief under CP § 8-201 and affirm the judgment of the circuit court.

### *Maryland's Post-Conviction DNA Statute*

Because Mr. Tarpley seeks relief under CP § 8-201, we briefly outline the pertinent statutory provisions. Maryland's postconviction DNA testing statute provides two avenues for individuals to obtain relief: (1) obtaining scientific testing of scientific identification evidence[3] and/or (2) challenging the reliability of scientific testing that previously was conducted on scientific identification evidence introduced at trial. CP § 8-201(b)(1), (c). The first avenue permits certain individuals to seek DNA testing of physical evidence in the State's possession that has a reasonable probability of producing exculpatory or mitigating evidence relevant to a claim of wrongful conviction or

_____

[3] "Scientific identification evidence" is evidence that:

(i) is related to an investigation or prosecution that resulted in a judgment of conviction;
(ii) is in the actual or constructive possession of a law enforcement agency or agent of a law enforcement agency; and
(iii) contains biological evidence from which DNA may be recovered that may produce exculpatory or mitigating evidence relevant to a claim of a convicted person of wrongful conviction or sentencing if subject to DNA testing.

CP § 8-201(a)(5). As a precursor to the first avenue, an individual can also file a petition "for a search by a law enforcement agency of a law enforcement data base or log for the purpose of identifying the source of physical evidence used for DNA testing." *Id.* § 8-201(b)(2).

4

sentencing. *Id.* § 8-201(b)(1), (d)(1); *Simms v. State*, 409 Md. 722, 727 (2009).[4]

The second avenue, which Mr. Tarpley takes, authorizes a petitioner to move for a new trial "on the grounds that the conviction was based on unreliable scientific identification evidence and a substantial possibility exists that the petitioner would not have been convicted without the evidence." CP § 8-201(c). We have interpreted the word "unreliable" in CP § 8-201(c) to refer to the trustworthiness of the scientific testing process itself, rather than to the authenticity of the evidence, and regardless of whether newer testing methods exist today. *See Washington v. State*, 424 Md. 632, 673 (2012) (rejecting petitioner's motion for new trial under CP § 8-201(c) because development of newer blood-testing did not render the older test unreliable). A motion for a new trial under CP § 8-201(c) requires a showing of a "substantial possibility" that the petitioner would not have been convicted without the challenged evidence. *See Fuster v. State*, 437 Md. 653, 670–71 (2014) (affirming circuit court's use of the "substantial possibility" standard where petitioner sought relief under CP § 8-201(c)).

### *Mr. Tarpley's Claim Under CP § 8-201(c) Is Non-Cognizable*

Mr. Tarpley's claim under CP § 8-201(c) falls outside the scope of relief that the statute authorizes. He does not assert that his prior conviction was based on unreliable scientific identification evidence, i.e., that the DNA testing performed on the SAFE kit before trial was scientifically unreliable. Instead, Mr. Tarpley challenges the authenticity of the DNA evidence admitted at trial based on alleged defects in the chain of custody. In

---

[4] This avenue of relief is cabined to individuals "convicted of a crime of violence under § 14-101 of the Criminal Law Article[.]" CP § 8-201(b).

other words, Mr. Tarpley argues that the DNA evidence derived from the SAFE kit was unreliable not because of the scientific testing used but because the SAFE kit allegedly had been tampered with and lacked adequate proof of custodial continuity.

That argument implicates, however, chain-of-custody principles governing the admissibility of evidence at trial. *See Cooper v. State*, 434 Md. 209, 227 (2013) ("When determining whether a proper chain of custody has been established[,] courts examine whether there is a 'reasonable probability that no tampering occurred.'" (quoting *Breeding v. State*, 220 Md. 193, 199 (1959))). Such claims must be properly preserved at trial; not brought collaterally through CP § 8-201. As noted earlier, the Appellate Court previously held on direct appeal that Mr. Tarpley did not preserve that claim for appellate review. *See Tarpley*, 2024 WL 1633747, at \*5.

Although Mr. Tarpley repeatedly invokes the term "unreliable" in describing the SAFE kit, the substance of his argument reveals that the alleged unreliability derives entirely from purported gaps in the evidence's custodial history. The postconviction DNA testing statute, however, applies to *scientific unreliability*, not to *evidentiary defects* unrelated to the scientific validity of the testing itself. As we previously have noted, CP § 8-201(c) addresses convictions based on outdated scientific methodologies, not disputes over whether evidence was properly handled, preserved, or authenticated. *See Washington*, 424 Md. at 672–73.

As Mr. Tarpley's motion challenges the evidentiary integrity of the SAFE kit itself rather than the scientific reliability of the DNA testing used on the SAFE kit, he does not

6

present a cognizable claim under CP § 8-201.[5] The statute is not a vehicle for relitigating chain-of-custody issues that could have been raised at trial or on direct appeal. The circuit court, therefore, did not err in denying Mr. Tarpley's motion.

## V
## CONCLUSION

We hold that Mr. Tarpley has failed to present a cognizable claim under CP § 8-201. Because his arguments challenge the admissibility of DNA evidence introduced at his original trial rather than the scientific reliability of the testing of that evidence, the circuit court properly denied his motion for a new trial. Accordingly, Mr. Tarpley's claim fails, and we affirm the judgment of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED. THE PARTIES SHALL BEAR THEIR OWN COSTS.**

---

[5] We additionally note that Mr. Tarpley seeks relief solely under CP § 8-201(c). He has not otherwise sought DNA testing of any other scientific identification evidence under CP § 8-201(b)(1).